Ex parte ANDREW LAWLER.
No. A-3450.    Opinion Filed Aug. 31, 1920.
(191 Pac. 1119.)

Petition for writ of habeas corpus by Andrew Lawler against A. K. Gossom, Superintendent of the State Training School at Pauls Valley, to which petitioner had been committed by order of the judge of the juvenile court.    Petitioner discharged, and committed to the custody of his father, by agreement subject to the further order of the court.

George S. March, for petitioner.

S. P. Freeling. Atty. Gen., R. McMillan, Asst. Atty. Gen., and Geo. L. Sneed, Co. Atty., for respondent.

PER CURIAM.    This was a petition for writ of habeas corpus, filed for setting at liberty Andrew Lawler. The writ was granted returnable before this court September 1, 1918.    It is averred in the petition that Andrew Lawler is a minor of the age of 15 years; that C. W. Lawler, of Kingston, Marshall county, Okla., is his father; that petitioner is unlawfully restrained of his liberty in the State Training School at Pauls Valley, by A. K. Gossom, superintendent; that J. I. Henshaw, judge of the juvenile court of Marshall county, made on order that petitioner be committed to the care of his father, C. W. Lawler, if it should be proven that his father was of good character and a worthy citizen: that proof was made that petitioner's father was a man of excellent character and a suitable person for the care and custody of petitioner, which proof was undisputed, and the father of petitioner in open court pledged his word to the court that he would faithfully keep and provide and conform to all orders made by the court and require said petitioner to obey all orders of the court with fidelity. It was further averred that said juvenile court was without jurisdiction to make said order of commitment to the State Training School, because no evidence was received tending to prove that the petitioner was a delinquent child.    Return was duly made to the rule to show cause why the writ should not be allowed, at which time it was agreed that petitioner be discharged and committed to the custody of his

father, subject to the further order of the juvenile court of Marshall county; and it was so adjudged and ordered.